United States District Court
Southern District of New York

RECEIVED
SDNY PRO SE OFFICE
2016 OCT 28 AM 11: 17

(1)

Robert Fleming, Pro Se,
Plaintiff,

v.

City of New York,
N.Y.P.D. "Cold Case Squad",
Det. Stradford #3420,
Det. Braccini #4305,
Defendant(s).

16 CV 8442

December    , 2016

To Wit:

When plaintiff's testimony made out prima facie case of defendant(s) negligence:

1. On October 23, 2008, Stradford obtained a statement from defendant while he was incarcerated on pending charges in Bronx County;

2. Stradford spoke to the Assistant District Attorney handling the unrelated matter before visiting defendant at Riker's Island;

3. Although he knew that defendant was represented by counsel in the drug case, Stradford made no effort to contact the attorney because he was informed that defendant had plead guilty and was sentenced.

4. Although Stradford credibly testified that he believed that defendant had already plead guilty and was sentenced in the unrelated drug matter, he was wrong.

It was then defendant(s) burden to prove plaintiff's comparative negligence, not plaintiff's to disprove it. See; Zhang v Yellow Transit Corp., 774 NYS2d 502 (1st Dept. 2004); McKinney's CPLR 1412.

In reliance of Supreme Court, New York County (Howard Beeler, J.), who entered judgement on June 20, 2003, awarding plaintiff the principal sum of $72,344 against defendant(s) and bringing up for review a ruling made after the close of evidence directing a verdict in plaintiff's

(2)

favor on the issue of liability.

To reiterate the "crux" of the issue in this case, plaintiff has established that in reaching genuine issue of material fact, as to defendant(s) intentional violation of New York's indelible right to counsel rule, the court rule that:

A. Although Stradford credibly testified that he believed that defendant had already pleaded guilty and was sentenced in the unrelated drug matter, he was wrong; and

b. Although he knew that defendant was represented by counsel in the drug case, Stradford made no effort to contact the attorney because he was informed that defendant pleaded guilty and was sent'ed. See: (9/26/2014 - Hearing Decision).

Thus, acknowledging that the court's review was to determine whether the rule applied even if the interrogator(s) were unaware that an incarcerated defendant is or was represented by an attorney.

Within Stradford's own testimony, he admitted:

A. That prior to engaging plaintiff with the interrogation on October 23, 2008, he had not only various opportunities to locate him, but that he was also informed that plaintiff was subsequently hospitalized at Kings County Hospital for attempting to commit suicide.

b. That he was thereafter informed that plaintiff had been arrested for a drug offense and was being detained on Riker's Island; and

c. That instead of calling plaintiff's counsel to arrange her presence during the interrogation, he made no effort to comply with the code of ethic's of the N.Y.P.D "Cold Case Squad", nor New York's indelible right to counsel rule.

Therefore, as the court concluded; that if it is reasonable for a detective(s) to suspect that an attorney may have entered the custodial matter, which det. Stradford has acknowledged that plaintiff was, indeed, represented by counsel during the interrogation. With detective Stradford, knowing or should have known that he had an obligation to inquire into plaintiff's representational status and

(3)

that the detectives would be charged with the knowledge that this lengthy 6 years of litigation would reveal. Plaintiff made out prima facie case of defendant(s) negligence, establishing that there is no genuine issue of material fact as to each element of his claim. See: Jacklovich v Simmons, 392 F3d 320 (2004) ("describing factual record supporting decision for plaintiff").

### Affirmative Defense

Holdings: The Supreme Court, Appellate Division, Stein, J., held that:

1. State failed to adequately plead affirmative defense of comparative negligence; And

2. Even if state adequately pled comparative negligence, record was devoid of any evidence of plaintiff's culpability.

State failed to assert any specific allegation of the existence of any open or obvious condition that plaintiff should have avoided, as required to adequately plead affirmative defense of comparative negligence, where plaintiff seeks to recover damages for injuries he allegedly sustained when he was subjected to excessive force, by Det. Stradford on October 23, 2008, in the absence of Ms. Allison Webster, assigned Legal Aide counsel, while Det. Braccini observe the assault, yet failed to intervene, McKinney's CPLR 1412; Jones v State of New York, 878 NYS2d 509 (3rd Sept. 2009).

### Mode of Proceedings Error

Under the mode of proceeding rule, certain variances in fundamental procedure, usually occurring at trial, will result in reversal despite lack of preservation. The concept of "structural" or "fundamental" errors is perhaps its closest federal analogue. See: Arizona v Fulminante, 111 S.Ct 1246 (1991).

In conclusion, as the defendant(s) have failed to establish the necessary facts in manner required by the rules, upon commencement of the pre-trial proceedings, scheduled for November, 2016, plaintiff will request that the court deny the defendant(s) motion on those grounds. Under the penalty of perjury, the foregoing is true and correct.

**ATTICA CORRECTIONAL FACILITY**
BOX 149
ATTICA, NEW YORK 14011-0149

NAME: Robert Fleming   DIN: 13-A-4072

X-27-42

ATTICA ★ CORRECTIONAL FACILITY

$ 00.46⁵
0004281607   OCT 24 2016
MAILED FROM ZIP CODE 14011

RECEIVED SDNY PRO SE OFFICE 2016 OCT 28 AM 11:17

USM P3 SDNY

LEGAL MAIL

To: Pro Se Office
United States Courthouse
500 Pearl Street, Room 230
New York, N.Y. 10007

1000781330 C014

Printed on Recycled Paper

NAME: Robert Fleming   DIN: 13-A-4172
OFFENDER CORRESPONDENCE PROGRAM
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
NEW YORK STATE