UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT FLEMING,

                              Plaintiff,

                  -against-

CITY OF NEW YORK; N.Y.P.D. "COLD
CASE SQUAD"; DET. STRADFORD #3420;
DET. BRACCINI #4305,

                              Defendants.

16-CV-8442 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Attica Correctional Facility, brings this action *pro se*.

Plaintiff did not submit the filing fee, and he did not file an application to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP). Plaintiff is barred, however, from filing any

new action IFP while a prisoner. *See Fleming v. Kindler*, No. 14-CV-6288 (LAP) (S.D.N.Y. Nov.

4, 2014). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's complaint is confusing, and does not show that Plaintiff is in imminent danger

of serious physical injury.[1] Instead, Plaintiff challenges his interrogation in a 2008 criminal case,

and attempts to seek damages from Defendants Stradford and Braccini for negligence and use

excessive force on October 23, 2008. Plaintiff is therefore barred from filing this action without

paying the requisite filing fee.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 5, 2016
         New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[2] If Plaintiff commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).